**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| VINCENT CUSANO, individually, DBA Streetbeat Music, AKA Vinnie Vincent, DBA Vinnie Vincent Music, | No. 09-56854 |
| | D.C. No. 2:09-cv-06858-AHM-E |
| Plaintiff - Appellee, | |
| v. | MEMORANDUM* |
| GENE KLEIN, an individual; PAUL STANLEY, an individual, born Stanley Eisen; THE KISS COMPANY, a New York Corporation; GENE SIMMONS WORLDWIDE, INC., a Delaware corporation; SIMSTAN MUSIC, LTD., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted May 8, 2012
Pasadena, California

Before: D.W. NELSON, FISHER and CHRISTEN, Circuit Judges.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants-Appellants Gene Klein, KISS Co. and others (collectively, "Klein") appeal the district court's denial of their motion to dismiss Plaintiff-Appellee Vincent Cusano's complaint under California Code of Civil Procedure § 425.16, the so-called anti-SLAPP statute.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we reverse.[2]

1. Klein met his threshold burden of showing that Cusano's right of publicity claim arises out of "conduct in furtherance of the exercise of the constitutional right of . . . free speech in connection with a public issue or an issue of public interest."  Cal. Civ. Proc. Code § 425.16(e)(4); *see Equilon Enterprises, LLC v. Consumer Cause, Inc.*, 52 P.3d 685, 694 (Cal. 2002).  Dissemination of the television program and DVD set constitutes conduct in furtherance of free speech. *See Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 65 (1981) ("Entertainment, as well as political and ideological speech, is protected; motion pictures, programs broadcast by radio and television, and live entertainment, such as musical and

---

[1] SLAPP is an acronym for "strategic lawsuit against public participation." *Equilon Enterprises, LLC v. Consumer Cause, Inc.*, 52 P.3d 685, 687 (Cal. 2002).

[2] The district court did not deny Klein's motion pursuant to California Civil Procedure Code § 425.17, so Cusano's contention that the order is not appealable per subparagraph (e) of that section is inapposite.  *See* Cal. Civ. Proc. Code § 425.17(e) (providing that an order denying an anti-SLAPP motion to strike under this section in not immediately appealable).

2

dramatic works fall within the First Amendment guarantee."); *Cinevision Corp. v. City of Burbank*, 745 F.2d 560, 567-68 (9th Cir. 1984) (recognizing that making expressive materials available to the public "further[s] a first amendment interest"). The challenged activities were in connection with a public issue because they related to KISS and its members, individuals or entities who are in the public eye or are of widespread, public interest. *See No Doubt v. Activision Publishing, Inc.*, 192 Cal. App. 4th 1018, 1027 (Cal. App. 2011) (holding that use of band members' likenesses in a video game was a matter of public interest because of the widespread fame the band had achieved); *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1042 (Cal. App. 2008) (holding that "an issue of public interest" is "any issue in which the public is interested" and concluding that an article about a "prominent businessman and celebrity" met the standard (emphasis omitted)).

3. Cusano has not met his burden of showing a probability of prevailing on his state law right of publicity claim, *see Equilon Enterprises*, 52 P.3d at 694, because that claim is preempted by federal copyright law, *see* 17 U.S.C. § 301(a). The still and video footage of Cusano's performances and public appearances as a member of KISS are "original works of authorship fixed in [a] tangible medium of expression" within the subject matter of copyright. 17 U.S.C. § 102(a); *see also Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006)

3

(setting forth two-part test for copyright preemption). In addition, the right Cusano seeks to vindicate under state law – to control the reproduction and dissemination of copyrightable work – is "equivalent to . . . rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Laws*, 448 F.3d at 1138. In short, "the underlying nature of [Cusano's] state law claim[] is part and parcel of a copyright claim." *Id.* at 1144. It is therefore preempted by the Copyright Act.

For the reasons stated, we reverse the district court's order and remand for dismissal of Cusano's complaint.

**REVERSED AND REMANDED.**